### Application of BOYNTON.

Railroad & Public Utilities Commission.

September 15, 1954.

George E. Owen, Assistant Attorney General, Tallahassee, for the State.

## BY THE COMMISSION.

This is an application by A. W. Boynton for reinstallation of telephone service by Southern Bell Tel. & Tel. Co. at 2015 Stanley Drive, Orlando, which the company discontinued pursuant to provisions of chapter 365, Florida Statutes 1953, on February 22, 1954, upon the request and demand of the attorney general.

The request for discontinuance of applicant's telephone service was apparently based on numerous long distance telephone calls

which he made to, or received from, a certain reputed gambler. Telephone company records were introduced into evidence to prove 25 such long distance calls during a period of almost two years. The dates and random hours on which the various calls were made do not fall into any discernible pattern and the state made no attempt to show any significant pattern, in fact, made no attempt to show any significance in the calls whatsoever except the fact that they were made to the reputed gambler.

The applicant was not represented by counsel and simply stated that he did not understand why his telephone had been removed. The balance of the hearing consisted of his testimony under cross examination by the examiner and the assistant attorney general, and of testimony by a special investigator for the attorney general's office and by a witness for the telephone company.

The applicant admitted the credibility of the telephone company's records. He did not recall specifically any one of the eleven calls made during the months of March, April and May, 1952, but testified that during that time he did have some long distance conversations with the reputed gambler in regard to the possibility of the applicant going to Albany, Georgia, to take over an eating establishment there.

The other telephone calls introduced into evidence were one each on January 6, 1953, June 17, 1953, June 21, 1953, five in October, 1953 and six in November, 1953. Five of the November calls were made from points in Louisiana, Mississippi and Florida where the evidence shows applicant was working at the time as a salesman for an advertising company owned by the reputed gambler. Applicant testified that the October calls were in regard to his securing his job as salesman. Applicant also had arranged for the sale of an airplane from his brother's estate to an associate of the reputed gambler.

The special investigator for the attorney general's office admitted that there is no direct or positive evidence that applicant was making illegal use of his telephone or that it was being used in gambling operations. The evidence merely proves use of telephones and does not constitute even circumstantial evidence that such use was improper or illegal.

The commission takes judicial notice that several cases are pending against the reputed gambler. Even if the reputed gambler had been found guilty of gambling, however, the applicant here would still be a victim of "guilt by association."

Applicant denies any knowledge of gambling operations on the part of the reputed gambler. He admits, however, that he was arrested for bolita operations in 1951 at his Flamingo Club and that the case was reversed by the Supreme Court because of illegal search. As an American citizen, he is still entitled to a fair and unprejudiced hearing on the evidence alone before this commission.

The application for immediate reinstallation of telephone service is granted, and Southern Bell Tel. & Tel. Co. is authorized to reinstall such service upon proper application being made therefor, in conformity with its usual and customary business practices relating to the installation of telephone service.